UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MICHAEL LAZZARI, :

          Plaintiff, :

          -against- :

THE CITY OF NEW YORK :
DEPARTMENT OF PARKS AND
RECREATION, :

          Defendant. :
------------------------------X

15cv8638

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

      Michael Lazzari ("Lazzari") and The City of New York Department of Parks and Recreation ("the City") bring dueling motions for summary judgment in this employment discrimination action. Lazzari alleges claims under the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). He was employed as a maintenance worker for the City from April 2013 until his termination in January 2014. Lazzari claims that the City failed to accommodate his disability, discriminated against him because of his disability, and retaliated against him for requesting accommodations. For the following reasons, the City's motion for summary judgment dismissing this action is granted and Lazzari's motion is denied.

BACKGROUND

      Lazzari started his probationary term as a maintenance worker on April 15, 2013. (Plaintiff's Statement of Fact Pursuant to Local Civil Rule 56.1 in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Rule 56.1 Response"), ECF No. 50, ¶ 15.) His responsibilities included maintaining City parks and facilities and repairing broken equipment.

(Plaintiff's Rule 56.1 Response ¶ 4.)  Shortly after beginning employment, Lazzari developed a number of medical problems, most notably severe migraines.  (Plaintiff's Rule 56.1 Response ¶ 37.)  These symptoms often prevented Lazzari from reporting to work.  (Plaintiff's Rule 56.1 Response ¶¶ 7–10.)  Lazzari was absent for 87 days during the course of his 194 days of employment.  (Plaintiff's Rule 56.1 Response ¶ 10.)  While he provided documentation for all but five of his absences, many doctor's notes were for seemingly unrelated conditions, such as hip pain, ear infections, and reaction to a flu shot.  (Plaintiff's Rule 56.1 Response ¶¶ 11–13.)  And seven absences were for entirely non-medical reasons, including a job interview, Alcoholics Anonymous meetings, a traffic ticket, and bad weather.  (Plaintiff's Rule 56.1 Response ¶ 16.)

After Lazzari exhausted his paid leave entitlements, the City allowed him to take leave without pay.  (Plaintiff's Rule 56.1 Response ¶ 17.)  In August 2013, Lazzari's supervisors met with him to discuss his excessive absences and possible repercussions.  (Plaintiff's Rule 56.1 Response ¶ 19.)  Lazzari claims that at this meeting he informed his supervisors about his migraines and trouble obtaining a medical diagnosis.  (Plaintiff's Rule 56.1 Response ¶ 58.)  After that meeting, Lazzari continued to be absent from work nearly as often as he reported for duty.  In November 2013, Lazzari's supervisors met with him again about his 32 additional absences and warned him that more absences might lead to discipline.  (Plaintiff's Rule 56.1 Response ¶ 23.)

Following the November conference, Lazzari was diagnosed with a bulging disc disorder.  (Plaintiff's Rule 56.1 Response ¶ 63.)  He alleges that his attendance thereafter improved.  However, in January 2014, he took three consecutive days off "because of the weather."  (Plaintiff's Rule 56.1 Response ¶¶ 16(e), 28.)  In the wake of that string of unexcused

absences, Lazzari's supervisors decided to terminate him. Ultimately, Lazzari was allowed to resign, effective January 21, 2014. (Plaintiff's Rule 56.1 Response ¶¶ 28–29, 33.)

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories on file, together with the affidavits, if any, show there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party has the burden of demonstrating the absence of any genuine dispute of material fact. Adickes v. Liberty Lobby, Inc., 398 U.S. 144, 157 (1970). In determining whether summary judgment is appropriate, the court must resolve all ambiguities and draw all reasonable inferences against the movant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). On dueling motions for summary judgment, the court must evaluate each party's motion on its merits and determine whether either is entitled to judgment as a matter of law. Coutard v. Mun. Credit Union, 848 F.3d 102, 114 (2d Cir. 2017).

"A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (internal citation omitted).

DISCUSSION

A. Discrimination Claims

To establish a prima facie case of disability discrimination under the ADA, a plaintiff must show: (1) his employer is subject to the ADA, (2) he is disabled within the meaning of the ADA, (3) he was qualified to perform the essential functions of the job with or without reasonable accommodation, (4) he suffered an adverse employment action, and (5) this action "took place under circumstances giving rise to an inference of discrimination." Davis v. N.Y.C. Dep't of Educ., 804 F.3d 231, 235 (2d Cir. 2015). The elements under the NYSHRL are the same. Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010). The NYCHRL differs in that the defendant has the burden to show that the plaintiff would be unable to satisfy the essential functions of his job, even with reasonable accommodation. See Jacobsen v. Health & Hosps. Corp., 22 N.Y.3d 824, 835 (N.Y. 2014).

If a plaintiff satisfies these elements, the burden shifts to the defendant to show some legitimate non-discriminatory reason for the adverse employment action. Davis, 804 F.3d at 235. And if the defendant offers a legitimate non-discriminatory reason, then the plaintiff must come forward with evidence that the employer was motivated at least in part by discrimination. Davis, 804 F.3d at 235.

While Lazzari and the City disagree about whether Lazzari's disability qualifies under the ADA, this Court need not wade into that dispute. Instead, two issues are dispositive: (1) Lazzari fails to show that he could perform the essential functions of his job and (2) fails to raise an inference of discrimination.

1. **Essential Functions**

EEOC regulations define essential functions as "the fundamental job duties of the employment position." 29 C.F.R. § 1630.2(n)(1). Courts give great deference to an employer's judgment of what qualifies as an essential function. McBride v. BIC Consumer Prods. Mfg. Co., Inc., 583 F.3d 92, 98 (2d Cir. 2009). "[R]egularly attending work is an essential function of virtually every job." Daddazio v. Katherine Gibbs School, Inc., 1999 WL 228344, at *5 (S.D.N.Y. Apr. 20, 1999) (internal citation omitted); see also Barnett v. Revere Smelting & Ref. Corp., 67 F. Supp. 2d 378, 391 (S.D.N.Y. 1999) (collecting cases). Courts in this Circuit have therefore recognized that "[t]he ADA does not require employers to tolerate chronic absenteeism even when attendance problems are caused by an employee's disability." Lewis v. N.Y.C. Police Dep't, 908 F. Supp. 2d 313, 327 (E.D.N.Y. 2012) (internal citation omitted); Pierce v. Highland Falls–Fort Montgomery Cent. Sch. Dist., 2011 WL 4526520, at *5 (S.D.N.Y. Sept. 28, 2011) ("The ADA does not require an employer to make a reasonable accommodation for an employee who does not attend work.")

"Regularly attending work" was an essential function of Lazzari's position. Lazzari's job required "routine maintenance, operation and repair of public buildings and structures . . . visual inspections of building equipment and conditions; [and] related work, such as driving to and from work sites." (Declaration of Kristin McIntosh ("McIntosh Decl."), ECF No. 44, Ex. B, at 1.) On days when he was experiencing symptoms, Lazzari acknowledged that he was completely unable to work. (Plaintiff's Rule 56.1 Response ¶¶ 6–9.) During deposition, Lazzari conceded that he was not able to perform any of the tasks listed in his job description.

5

(McIntosh Decl., Ex. A, at 34:1–15.) It is undisputed that Lazzari was absent 87 days during his 194 days of employment. (Plaintiff's Rule 56.1 Response ¶ 10.)

These excessive absences, coupled with Lazzari's admissions that he could not perform his job functions while experiencing his symptoms, are fatal to his prima facie case. No reasonable juror could find that Lazzari was able to perform the essential functions of his position, even with reasonable accommodation. See Lewis, 908 F. Supp. 2d at 327 (granting summary judgment on an ADA claim where plaintiff could not perform the essential functions of her job "[g]iven the sporadic and unpredictable nature of [her] absences that ar[ose] from her multitude of medical issues"; Micari v. Trans World Airlines, Inc., 43 F. Supp. 2d 275, 281 (E.D.N.Y. 1999) (granting summary judgment on ADA discrimination claim because plaintiff by his own admission could not perform the essential functions of his job).

Although Lazzari began receiving treatment towards the end of his employment, at the time of his resignation neither Lazzari nor the City knew when or whether Lazzari would be able to regularly perform the essential duties of his position. Lazzari's three absences in January demonstrate that even after beginning treatment, the City could not depend on Lazzari to show up for work.

### 2. Inference of Discrimination

Lazzari also fails to establish the final element of his prima facie case: an inference of discrimination. For this element, a plaintiff must provide evidence that would allow a reasonable juror to infer discrimination, such as disparate treatment, comments from an employer, or the sequence of events. McDonnell v. Schindler Elevator Corp., 2014 WL 3512772, at *5 (S.D.N.Y. July 16, 2014). Courts must carefully distinguish evidence giving rise

to an inference from "mere speculation and conjecture." Bickerstaff v. Vassar Coll., 196 F.3d 435, 448 (2d Cir. 1999). "[A]n inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact." Bickerstaff, 196 F.3d at 448 (internal citation omitted).

Lazzari's allegations fail to meet this standard. The record is bereft of any indication of animus, nor is there indication that any City employee ever made any discriminatory comments towards Lazzari. Lazzari offers no evidence even hinting at a discriminatory motive, but only speculates about the City's motivation for terminating him. See Johnson v. N.Y.C. Dep't of Educ., 39 F. Supp. 3d 314, 322 (E.D.N.Y. 2014) (holding that the plaintiff failed to show an inference of discrimination from his termination because there was no indication of animus and no defendant had ever made any discriminatory comments to the plaintiff.) "When a plaintiff fails to present evidence to establish any causal link between his termination and his [protected class] summary judgment is appropriate." Johnson, 39 F. Supp. 3d at 322 (internal citation omitted).

Accordingly, Lazzari has failed to establish a prima facie case of disability discrimination. For the same reasons, the City has established its affirmative defense under the NYCHRL. This Court therefore grants the City's motion for summary judgment on these claims.

B. Failure to Accommodate Claims

Lazzari next claims that the City failed to accommodate his disability. Here, too, the City contends that Lazzari cannot make out a prima facie case.

7

To establish a claim of reasonable accommodation, a plaintiff must show: (1) he has a disability as defined under the ADA, (2) the employer is covered by the statute and has notice of the plaintiff's disability, (3) that the plaintiff could perform the essential functions of his job with reasonable accommodation, and (4) that the employer refused to make such accommodations. Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 184 (2d Cir. 2006). By contrast, the NYCHRL places the burden on a defendant to demonstrate that a plaintiff could not perform the essential functions of the job. See Jacobsen, 22 N.Y.3d at 835.

Lazzari again fails to make out a prima facie case because he could not perform the essential functions of his job, even with reasonable accommodation. Lazzari himself admitted that when experiencing his symptoms he was unable to attend work or perform his essential duties. (McIntosh Decl., Ex. A, at 31:12–15; 33:14–21) ("I couldn't function. I couldn't get to work in that state . . . It stopped me from working . . . When my symptoms flared up I couldn't get out of bed. Driving was impossible . . . I could not get to work. I could not do the job description . . . .")

Nor can Lazzari point to a reasonable accommodation that would have allowed him to perform his job. Reasonable accommodations do not include permitting employees to stay home whenever they feel they cannot come to work. They do not include "elimination of any of [a] job's essential functions." Gilbert v. Frank, 949 F.2d 637, 642 (2d Cir. 1991). Although Lazzari argues that the City could have excused more of his absences or extended his probationary period, the problem remains that under any of these scenarios, the City still did not know when or whether Lazzari would be able to do his job. Despite Lazzari's argument that he could have been given lighter duty, "an employer is under no obligation to transfer a

8

handicapped employee from the job for which he is employed to some other position in order to provide him work which he can perform." Micari, 43 F. Supp. 2d at 282 (internal citation omitted).

Because Lazzari cannot establish a prima facie case of failure to accommodate, the City's motion for summary judgment is granted on these claims.

C. Retaliation Claims

Lazzari asserts that the City retaliated against him for requesting accommodation. A plaintiff establishes a claim of retaliation under the ADA by showing: (1) he was engaged in a protected activity, (2) the employer was aware of that activity, (3) the employee suffered a materially adverse action, and (4) there is a causal connection between the protected activity and the adverse action. Lore v. City of Syracuse, 670 F.3d 127, 157 (2d Cir. 2012). If the plaintiff meets this burden, the defendant must offer evidence of a legitimate non-retaliatory reason for the challenged action. Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001). The mixed motive framework does not apply to claims of retaliation, meaning that a plaintiff must establish his protected activity was a "but-for cause" of the adverse action. Univ. of Tex. SW Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534 (2013). The elements of a retaliation claim under the NYSHRL and NYCHRL substantially overlap with federal law. See Szewczyk v. City of N.Y., 2016 WL 3732316, at *4 n.7 (S.D.N.Y. Sept. 9, 2016).

Lazzari claims that he engaged in protected activity by requesting accommodation for his disability, that the City was aware of these requests, and that Lazzari was terminated because of these requests. However, like his prior claims, Lazzari offers no evidence that would

9

lead a reasonable juror to conclude that he was fired because of his accommodation requests (the fourth element of his prima facie claim).

"Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (internal citation omitted). The City explained that it fired Lazzari because of his excessive absences. (See, e.g., McIntosh Decl. Ex. G, at 54:6–24.) Lazzari contends that the City's position is inconsistent because it terminated him after he started receiving treatment and his attendance began to improve. But a reasonable juror could find that there is nothing inconsistent about terminating someone who continued to have unexcused absences after being warned repeatedly that missing work would lead to disciplinary action. Lazzari also overlooks the three days he took off in early January for reasons entirely unrelated to any disability. In sum, Lazzari's evidence is not "sufficient to support a rational finding that the legitimate reasons proffered by the defendant were false and that more likely than not retaliation was the real reason for the employment action." Giscombe v. N.Y.C. Dep't of Educ., 39 F. Supp. 3d 396, 400 (S.D.N.Y. 2014). Speculation about the City's reasons for his termination is not enough to survive summary judgment.

## CONCLUSION

The City's motion for summary judgment dismissing this action is granted. Lazzari's motion is denied. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 42 and 49 and mark this case as closed.

Dated: October 3, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.